# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3406 | **DATE** | 3/27/2013 |
| **CASE TITLE** | Spendal vs. Illinois-American Water Company | | |

**DOCKET ENTRY TEXT**

The motion of Defendant Illinois-American Water Company (IAWC) to dismiss counts II and III of plaintiff Sandra Spendal's complaint [dkt. 14] is granted with respect to count II and denied with respect to count III. Defendant is directed to answer Counts I and III of the Complaint. Count II is dismissed with prejudice. A scheduling conference will be held in this case on April 23, 2013 at 8:30. See Statement section for reasons.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, Sandra Spendal, filed a three-count complaint alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (counts I and II), and retaliatory discharge under Illinois common law (count III).[1] Illinois-American Water Company (IAWC) has moved to dismiss two of the counts for failure to exhaust administrative remedies for the retaliation claim and preemption of the state law retaliatory discharge claim.

**I.    Background**

From May 2008 to May 2011, Spendal worked at IAWC as an engineering project manager in Woodridge, Illinois. Spendal was the only female project manager at IAWC and her supervisor was Richard Hermann, whose title was engineering manager of IAWC's Woodridge facility. Spendal alleges that she was assigned more work than her male counterparts. In addition, despite receiving excellent performance reviews and performing more work than her male counterparts, IAWC denied Spendal promotions while her male counterparts were promoted to more senior positions.

On September 3, 2010, Spendal informed Kara Teasley, president of IAWC, and the IAWC human resources department, that she was being harassed because of her sex. On March 23, 2011, Spendal wrote a letter to the human resources department identifying "deficiencies and unacceptable standards of practice" in the workplace. (Compl. ¶ 13(h)). Specifically, Spendal identified the following problematic practices: (1) male employees were drinking alcohol at work; (2) male employees were sleeping while on duty; (3) male employees were driving IAWC vehicles while under the influence of alcohol; and (4) male employees' budget overruns exceeded IAWC standards.

IAWC failed to take any action against the employees identified in Spendal's letter. In March 2011, after Spendal sent her letter, Hermann and other male employees began lodging false and unsubstantiated allegations against Spendal and subjected her to further harassment. For example, Hermann initiated an investigation of Spendal into the Waycinden-Moreland Project.[2] On April 15, 2011, IAWC suspended Spendal and terminated her employment on May 6, 2011.

## II. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

## III. Analysis

### A. The Retaliation Claim (Count II)

IAWC argues that Spendal failed to exhaust her administrative remedies under Title VII by omitting allegations of retaliation in her charge filed with the United States Equal Employment Opportunity Commission ("EEOC"). On June 22, 2011, Spendal filed a charge with the EEOC and checked the box for sex discrimination but did not mark the box for retaliation. In addition, Spendal's narrative provided,

I began my employment with Respondent on or about May 5, 2008 and was classified as an Engineering Project Manager. During my employment, I was subjected to different terms and conditions of employment, including, but not limited to, being suspended and discharged while males were not. I believe I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended. (Dkt. 20-1, at 2.)[3]

A party seeking redress under Title VII must first exhaust administrative remedies by filing a charge of discrimination with the EEOC and receiving a right to sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); *Conner* v. *Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). A plaintiff cannot bring claims under Title VII that were not included in her EEOC charge, *see Sitar* v. *Ind. Dep't. of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003), unless they are "like or reasonably related to the allegations of the [administrative] charge and grow[] out of such allegations." *Teal* v. *Potter*, 559 F.3d 687, 692 (7th Cir. 2009) (internal quotation marks omitted).

Here, Spendal did not allege retaliation in her EEOC charge. Nor is her retaliation claim like or reasonably related to the discrimination allegations in her EEOC charge such that a retaliation claim would reasonably be expected to grow out of the EEOC's investigation into her discrimination allegations. *See Swearnigen-El* v. *Cook Cnty. Sheriff's Dep't.*, 602 F.3d 852, 864–65 (7th Cir. 2010). Spendal's EEOC

charge omits any reference to her having engaged in a protected activity and suffering an adverse employment action as a result. *See Silverman* v. *Bd. of Educ. of City of Chicago*, 637 F.3d 729, 742 (7th Cir. 2011) (retaliation claims entail showing that the plaintiff engaged in a statutorily protected activity and an ensuing adverse employment action). Spendal argues that her retaliation claim implicates the same individuals and time period as her discrimination charge and is therefore like or reasonably related to her charge. Still, Spendal's failure to include any allegations evidencing retaliation in her EEOC charge precludes her from maintaining a claim for retaliation under Title VII. *See Peters* v. *Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) ("Keeping in mind that one of the purposes of the charge is to alert the employer to the offending behavior, we believe that [the plaintiff's] failure to mention any type of protected activity and his failure to identify retaliation as a basis for his charge preclude him from relying on the original charge of discrimination as a basis for his retaliation claim."). Accordingly, IAWC's motion to dismiss count II is granted.

### B. Illinois State Law Retaliatory Discharge Claim (Count III)

IAWC contends that the Illinois Human Rights Act ("IHRA") preempts Spendal's claim for retaliatory discharge under Illinois common law because the underlying allegation for her retaliatory discharge claim is based on her complaint of sexual harassment. Spendal argues that her retaliatory discharge claim is based on reporting male employees' consuming alcohol at work, sleeping at work, and driving IAWC vehicles under the influence of alcohol, not sexual harassment.[4]

Spendal alleges that IAWC is liable for retaliatory discharge because it "terminated [Spendal] in retaliation for reporting sexual discrimination to management." (Compl. ¶ 25.) The IHRA preempts common law retaliatory discharge claims premised on sexual harassment in the workplace, providing that "no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than set forth in this Act." 775 ILL. COMP. STAT. 5/8-111(D). Spendal's premising her termination on reporting sexual harassment places her retaliatory discharge claim squarely within the preemptive ambit of the IHRA. *See Krocka* v. *City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) ("The IHRA preempts all state law claims seeking redress for a civil rights violation within the meaning of [that] statute.") (internal quotation marks omitted); *Bozek* v. *Corinthian Colleges, Inc.*, No. 07 C 4303, 2009 WL 377552, at *9 (N.D. Ill. Feb.13, 2009) ("Because [the plaintiff's] retaliatory discharge claim is based on her sexual harassment allegations, IHRA preempts [the plaintiff's] retaliatory discharge claim."). Spendal also alleges that she was discharged for reporting that male employees consumed alcohol at work; slept at work; and drove IAWC vehicles under the influence of alcohol. These allegations, argues Spendal, are distinct from her allegation regarding reporting sexual harassment and state a claim for retaliatory discharge under Illinois law. *See Krocka*, 203 F.3d at 516 ("[W]here a course of conduct states an independent state law claim, that independent claim is not preempted by the IHRA.").

In order to state a claim for retaliatory discharge under Illinois law, Spendal must show that (1) she was discharged; (2) the discharge was in retaliation for her activities; and (3) the discharge violates a clear mandate of public policy. *Belline* v. *K-Mart Corp.*, 940 F.2d 184, 186 (7th Cir. 1991). Retaliatory discharge claims generally arise when an employee is terminated for (1) filing a worker's compensation claim; or (2) reporting illegal or improper conduct. *Mackie* v. *Vaughan Chapter-Paralyzed Veterans of Am., Inc.*, 820 N.E. 2d 1042, 1044–45, 354 Ill. App. 3d 731, 289 Ill. Dec. 967 (Ill. App. Ct. 2004).[5]

IAWC contends that Spendal's allegations do not show that her discharge violated a clear mandate of public policy. Spendal, however, alleges in part that her termination resulted from notifying IAWC that its employees were operating company vehicles under the influence of alcohol. Operating a vehicle under the

influence of alcohol is illegal under Illinois common law. *See* 625 ILL. COMP. STAT. 5/11-501(a)(2) ("A person shall not drive or be in actual physical contract of any vehicle within this State while under the influence of alcohol."). Moreover, Illinois public policy favors the reporting of crimes to employers and protects employees who do so in the workplace from termination as a result. *See Belline*, 940 F.2d at 187 ("The great majority of courts interpreting Illinois law hold that an employee who reports unlawful conduct to an employer is protected under the tort of retaliatory discharge."); *Shearrow* v. *Easton Enter., LLC*, - - - F. Supp. 2d - - - -, 2012 WL 3962057, at *5 (N.D. Ill. Sept. 10, 2012) ("One clearly mandated public policy is that crime should not go unreported and employees acting in good faith should not be deterred from reporting by a fear of retaliatory discharge."); *Mackie*, 820 N.E. 2d at 1045 (noting how retaliatory discharge claims have emerged from citizen crime fighter cases where termination follows "telling of a coworker's commission of an alleged crime; however, the crime does not have to be work-related."). In sum, Spendal's allegation that her termination resulted from reporting that her coworkers were operating IAWC vehicles under the influence of alcohol violates a clear mandate of public policy. Spendal has thus pleaded a claim for retaliatory discharge and IAWC's motion to dismiss count III as it relates to Spendal reporting her coworkers operating vehicles under the influence of alcohol is denied.

1. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 and venue is appropriate under 28 U.S.C. § 1391(b).

2. Spendal does not identify any details about the Waycinden-Moreland Project or the nature of her involvement with the project.

3. Spendal did not include her EEOC charge as an exhibit to her complaint. The court must consider the allegations in the EEOC charge to determine the proper scope of the complaint and will thus consider the EEOC charge as part of the pleadings. *See Hall* v. *Walsh Constr. Co.*, No. 11 CV 8706, 2012 WL 3264921, at *1 n. 4 (N.D. Ill. Aug. 9, 2012).

4. Although Spendal did not reference these allegations specifically in her retaliatory discharge count, she incorporated them by reference and the court will thus consider them as being part of the retaliatory discharge claim. *See Jajeh* v. *Cnty. of Cook*, 678 F.3d 560, 567 (7th Cir. 2012) (a plaintiff need not "plead with precision legal theories or detailed facts.'") (internal quotation marks omitted).

5. Spendal does not argue that her termination was the result of filing a worker's compensation claim.